UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 4:07CV 3171 |
| | * | |
| PRO-CON RESTORATION LLC d/b/a/ PRO-CON,<br>and GILBERTO P. ROSAS and PAUL PEREZ,<br>individually | * | **UNITED STATES COURTS<br>SOUTHERN DISTRICT OF TEXAS<br>FILED** |
| | * | |
| | * | SEP 27 2007 |
| Defendants | * | |
| | | **MICHAEL N. MILBY, CLERK OF COURT** |

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this

action to enjoin the Defendants, Pro-Con Restoration LLC d/b/a Pro-Con and Gilberto P. Rosas and

Paul Perez as individuals, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of

the Fair Labor Standards Act of 1938, as amended , 29 U.S.C. §201, et seq., hereinafter referred to as

the Act, and to restrain Defendants from withholding payment of overtime compensation found by the

Court to be due employees under the Act, and an equal amount as liquidated damages due to the

employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to sections 16 and 17 of the Act, 29

U.S.C. §§ 216 and 217, and 28 U.S.C. 1331 and 1345.

II.

1.    Defendant Pro-Con Restoration LLC has now, and at all times hereinafter mentioned

had, a place of business at 113 Tascott, Pasadena, Texas 77506, within the jurisdiction of this Court,

where it was doing business as Pro-Con.

2. Defendant Gilberto P. Rosas has a place of business and is doing business in Pasadena, Texas, in Harris County, within the jurisdiction of this Court, where Defendant Rosas is, and at all times hereinafter mentioned was, president of Defendant Pro-Con Restoration LLC d/b/a Pro-Con and actively manages, supervises and directs the business affairs and operations of Defendant Pro-Con Restoration LLC d/b/a Pro-Con. Defendant Rosas acts and has acted, directly and indirectly, in the interest of Defendant Pro-Con Restoration LLC d/b/a Pro-Con in relation to its employees and is an employer of these employees within the meaning of the Act.

3. Defendant Paul Perez has a place of business and is doing business in Pasadena, Texas, in Harris County, within the jurisdiction of this Court, where Defendant Perez is, and at all times hereinafter mentioned was, vice president and registered agent of Defendant Pro-Con Restoration LLC d/b/a Pro-Con and actively manages, supervises and directs the business affairs and operations of Defendant Pro-Con Restoration LLC d/b/a Pro-Con. Defendant Perez acts and has acted, directly and indirectly, in the interest of Defendant Pro-Con Restoration LLC d/b/a Pro-Con in relation to its employees and is an employer of these employees within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendant Pro-Con Restoration LLC d/b/a Pro-Con has been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. Sec. 203(r), in that Defendant Pro-Con Restoration LLC d/b/a Pro-Con has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendant Pro-Con Restoration LLC d/b/a Pro-Con has been an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period October 1, 2005, through December 3, 2005, Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VI.

As a result of the violations of the Act, overtime compensation was unlawfully withheld by Defendants from their employees.

VII.

During the period October 1, 2005, through December 3, 2005, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show overtime compensation earned by the

**COMPLAINT**                                                                 **PAGE 3**

employees.

VIII.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants Pro-Con Restoration LLC d/b/a Pro-Con and Gilberto P. Rosas and Paul Perez, as individuals, as follows:

1.     For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

2.     For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3.     For an Order pursuant to Section 17 enjoining and restraining defendants from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4.     For an Order awarding Plaintiff the costs of this action; and

5.     For an Order granting such other and further relief as may be necessary and appropriate.

**COMPLAINT**

Respectfully Submitted,

JONATHAN L. SNARE
Acting Solicitor of Labor

WILLIAM E. EVERHEART
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

BY:

AMY SANDERS HAIRSTON
Attorney in charge
Texas Bar No. 24027954
Southern Dist. of TX Admission No. 27570

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone:  972/850-3100
Facsimile:  972/850-3101

**COMPLAINT**                                                          PAGE 5

## EXHIBIT A

1. ALLISON, DANIEL
2. ARCENEAUX, JAMES
3. ARCHIBOLD, AURELIO
4. BAILEY, CLIFFORD
5. BAILEY, MIKE
6. BARGEMAN, CLIFFORD
7. BARKSDALE, JAMES
8. BATISTE, NEVILLE
9. BEARD, JULIE
10. BELGARD, LYNN
11. BENHAM, MICHAEL
12. BENHAM, REGINALD
13. BOTTS, AARON
14. BRIGNAC, WARDELL
15. COOK, CURLEY
16. CORMIER, JUSTIN
17. CRENSHAW, RICHEY
18. EASTON III, WILLIE
19. FERGUSON, JOSH
20. FLOYD, JACOB
21. FOOSHEE II, ROBERT
22. GALIK, KENNETH
23. GAY, JOHN
24. GILL, HARLEY
25. GOMEZ, JAYSON
26. GOODWILL, ANTHONY
27. GREEN, AKEAL
28. GUIDOS, JO ANN
29. GUILLORY, CARL
30. GUILLORY, JOSEPH TONY
31. HARIRAM, ATMO
32. HARIRAM, HIRO
33. HARPER, FABIAN
34. HARRELL, HEATH
35. HARRIS SR., DEVON
36. HART, NIKITA
37. HASTY, MORRIS
38. HAYNES, MARCUS
39. JACK, SMITH
40. JOHNSTON, RICHARD
41. JONES, HOWARD
42. JUNGELS, CHRISTOPHER
43. LASTRAPES, MARTIN

44. LAVERGNE, JEFFREY
45. LESSARD, BRAD
46. LOGE, KERRY
47. LOGE, LARRY
48. MASSINGILL, SIDNEY
49. MAYEAUX, DANIEL
50. MCCOY, JACOB
51. MCKINNEY, BRITT
52. MCNEIL, MATTHEW
53. MILLS, DONALD
54. MOORE, NATHANIEL
55. MOUTON, DERRICK
56. MOUTON, ROBERT
57. NED, SEDRICK
58. NOLEN JR, MARSHALL W
59. ORTEGO, GREGORY
60. PEREZ, CHRISTOPHER
61. PEREZ, NOE
62. PHILLIPS, ROBERT
63. QUINN, JOHN
64. RAIFORD, ELIZABETH
65. RANEY, DAVID
66. RIVERA, RUBEN
67. ROBERSON, NICHOLAS
68. SAENZ, RUBEN
69. SAGELY, KYLE
70. SETH PEREZ, TOTAL
71. SHARP, PALLEN P
72. SHIPP, BRIAN
73. SIBLEY, JEFF
74. SIMMONS, PATRICK
75. SMITH, JOHNNY
76. SMITH MERLE, GENE
77. SPENCER, DAVID
78. SPURLIN, JAMES
79. STITES, JAMES
80. TAMLIN, JASON
81. THOMAS JR., WHATLEY
82. TOWNSEND, JAMES
83. TRAHAN, RICHARD
84. VAN DYKE, MYRON
85. VENABLE, KAREN
86. VIANES, DAVID
87. WALLER, MITCHELL
88. WEBB, CHAD
89. WILLARD, TRAVIS

2

90. WIX, DAVID
91. ZETTLEMOYER, DOUG